**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| **THOMAS & DIANA HULING,** | ) | **Case No. 06-45568-659** |
| | ) | **Chapter 11** |
| **Debtors.** | ) | |

**DEBTOR'S MOTION TO REOPEN CASE WITHOUT FEE**
**TO DETERMINE DISCHARGEABILITY PURSUANT TO**
**11 U.S.C. § 523 AND FED. R. BANKR. P. 4007(b)**
**AND TO PROSECUTE VIOLATION OF DISCHARGE INJUNCTION**

**COME NOW** Thomas Huling, Debtor herein ("Huling" or the "Debtor"), by and through his undersigned counsel, and in support of his Motion to Reopen Case Without Fee to Determine Dischargeability Pursuant to Pursuant to 11 U.S.C. § 523 and Fed. R. Bankr. P. 4007(b) and to Prosecute Violation of Discharge Injunction states as follows states as follows:

1.      On November 14, 2006 (the "Petition Date"), Huling, along with his spouse, Diana Huling ("Mrs. Huling", jointly with Huling, the "Debtors"), filed a voluntary petition (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  A duplicate of the Petition is located on this Court's electronic docket for this matter as item 1.

2.      On November 12, 2008, this Court entered its Order (the "Confirmation Order") confirming the Debtors' Revised Conformed and Combined Disclosure Statement and Plan of Reorganization dated October 10, 2008 (the "Plan").  A duplicate of the Plan is located on this Court's electronic docket for this matter as item 441; a duplicate of the Confirmation Order is located on this Court's electronic docket for this matter as item 446.

3.      Pursuant to the applicable provisions of the Plan and the Confirmation Order, confirmation of the Plan bound the Hulings and all of their creditors, whether they accepted the

Plan or not to its provisions; see Docket No. 441, Plan, at 29, ¶ X.A;[1] Docket No. 446, Confirmation Order, at 5, ¶ 3.

4.      In addition, the Plan provides that when the Hulings received their discharge, they would be released from any and all claims and debts that arose before the discharge.  See Docket No. 441, Plan, at 29-30, ¶ X.C.

5.      By operation of law, the Confirmation Order became final on November 24, 2008.

6.      Thereafter, on June 30, 2010, this Court entered the Debtors' discharge in their Chapter 11 case (the "Discharge") pursuant to section 1141 of the Bankruptcy Code.  A duplicate of the Discharge is located on this Court's electronic docket for this matter as item 516.

7.      On June 30, 2010, this Court also granted the Debtors' Motion for Entry of Final Decree in their Chapter 11 bankruptcy case and closed the Debtors' bankruptcy case pursuant to section 350(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 5009.  A duplicate of the Order Granting the Debtors' Motion for Entry of Final Decree entered by this Court is located on this Court's electronic docket for this matter as item 517; the Final Decree entered by this Court is located on this Court's electronic docket for this matter as item 518.

8.      John Dantico and Brenda Dantico (the "Danticos") presently assert that they were and/or are creditors of Huling.  Huling disputes this assertion as he did not sign any contract or other agreement from the Dantcios or engage in any conduct that would have given rise to any

---

[1]   Note that the Plan's definition of "Creditors" includes individuals or entities that had any right to payment from Mr. or Mrs. Huling of any kind that arose before they filed the Bankruptcy Case, regardless of whether that right to payment was reduced to judgment, disputed, or of any other type.  See Plan, at 4, ¶¶ II.A.11 & 18.

2

1142002.1

claim by them against him. Huling believes that the Danticos were and are, much like him, simply victims of the same real estate scheme that was perpetrated upon him and that resulted in his bankruptcy filing. See Docket No. 441, Plan, at 7-9, ¶ III.A (describing circumstances leading to the Debtors' bankruptcy filing).

9. The Danticos had actual knowledge of Huling's intent to file a bankruptcy case for a substantial period of time before that filing occurred.

10. While not listed on the Debtors' filed bankruptcy schedules, the Danticos and their then-attorney, Louis J. Basso, had actual knowledge of the Hulings' bankruptcy case prior to the entry of the Confirmation Order, prior to the Hulings' distribution/s to their creditors in accord with the Confirmed Plan, and prior to the entry of the Hulings' discharge.

11. On or about December 6, 2010, the Danticos filed a petition to commence an action (the "State Court Action") in the Circuit Court for St. Louis City, Missouri (the "State Court") against Huling, as well as Lisa D. Krempasky, Lisa D. Krempasky, PC, Lisa D. Krempasky, Trustee for the Charles H. Norman Trust dated May 10, 2010, Robert Douglas Hartmann, Scott D. Joggerst, Elizabeth L. Moore, Brenda F. Norton, Kathleen K. Krempasky, Angela Sipe (jointly, all defendants in the State Court Action shall be referenced as the "State Court Defendants").

12. Huling was served with the petition filed by the Danticos in the State Court Action on or about January 4, 2011.

13. On December 12, 2011, the Danticos filed their Second Amended Petition in the State Court Action. While, in Huling's view, that Petition is deficient in a number of respects, Huling has been able to determine from his review of the Second Amended Petition that the act/s

3

underlying the State Court Action are claimed to be loan transactions that Dantico made in 2005, which is before the Petition Date in the Debtors' Chapter 11 bankruptcy case, or other actions that occurred prior to the date of the entry of the Confirmation Order in the Debtors' Chapter 11 bankruptcy case.

14.     As a result, Huling believes that, even if the Danticos were creditors of his, any claims that they might have had arose prior to the Petition Date and/or the date of the entry of the Confirmation Order and, thus, have been discharged.

15.     Huling has made written demand that the Danticos dismiss him from the State Court Action on grounds that, even if the Danticos were creditors of his, any claims they might have had were discharged in accord with the terms of bankruptcy law and the provisions of the Confirmation Order and his Discharge.

16.     To date, the Danticos have refused to dismiss Huling from the State Court Action.

17.     Huling intends to file an action against the Danticos that seeks (a) to determine the dischargeability of any alleged debt/s that he might have owed them and (b) contempt sanctions against the Danticos for violation of the discharge injunction in Hulings Chapter 11 case by virtue of 11 U.S.C. § 524(a) (the "Adversary Proceeding").

18.     Huling now seeks to reopen his Chapter 11 bankruptcy case pursuant 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010 in order to file the Adversary Proceeding and to have it adjudicated by this Court.

19.     Pursuant to Fed. R. Bankr. P. 4007(b), a bankruptcy case may be reopened without payment of any additional filing fee for the purpose of filing a complaint to obtain a

4

1142002.1

determination of dischargeability by a debtor.  The Adversary Proceeding to be filed before this Court falls into that category.

20.     Reopening Huling's case will not prejudice any of Huling's creditors, the Court or the administration of Huling's bankruptcy case as it will dispose of a vexatious post-discharge matter before the Court familiar with the facts and circumstances pertinent to that disposition.

**WHEREFORE**, Huling moves this Court for an Order (a) reopening his Chapter 11 bankruptcy case without fee pursuant to section 350(b) of the Bankruptcy Code and Fed. R. Bankr. 5010, (b) directing that such reopening be without requirement of payment of the statutory reopening fee pursuant to Fed. R. Bankr. 4007(b), and (c) granting such other and further relief as may be just and proper.

Respectfully Submitted,

SUMMERS, COMPTON, WELLS & HAMBURG, P.C.

Date:  January 30, 2011        BY: /s/ Bonnie L. Clair
                               BONNIE L. CLAIR, MO41696
                               Attorney for Debtor
                               8909 Ladue Road
                               St. Louis, Missouri 63124
                               314-991-4999 / 991-2413 FAX
                               blcattymo@summerscomptonwells.com

5

1142002.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties on Master Service List #4 of July 29, 2008 on the date of the Motion's electronic filing.  I further certify that a copy of the foregoing Motion was served and via United States Mail, first class postage prepaid, to the following on the date of the Motion's electronic filing:

John Kevin Dantico
Brenda Dantico
5233 Windsor Parkway
St. Louis, MO  63116


By:   /s/ Bonnie L. Clair

1142002.1